FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/3/2023 10:00 AM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

DOROTHY NEWLAND        CAUSE NO.   D-101-CV-2023-01009
                      Case assigned to Wilson, Matthew Justin

    Plaintiff,

v.

BLAZIN WINGS, INC. D/B/A BUFFALO
WILD WINGS, # 609 AND OSCAR GARCIA

    Defendants

## COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES AND MONETARY DAMAGES

**COMES NOW**, Dorothy Newland, by and through her attorneys of record, Rachel E. Montes, and brings these claims for damages against Defendants, and for her cause of action states the following:

### JURISICTION

1. Plaintiff, Dorothy Newland is a resident of the City of Weed, County of Otero and State of New Mexico.

2. On or about July 23, 2020, Defendant, Blazin Wings, Inc. D/B/A Buffalo Wild Wings, #609 (BWW) owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premise located at 839 S. White Sands Blvd., Alamagordo, NM 88310, county of Otero, State of New Mexico 88310, where the Plaintiff suffered her injuries, harms and losses.

3. On or about July 23, 2020, Defendant, Oscar Garcia was the general manager of

Blazin Wings, Inc. D/B/A Buffalo Wild Wings, #609 (BWW) and may be served with process at the premise located at 839 S. White Sands Blvd., Alamagordo, NM 88310, county of Otero, State of New Mexico 88310.

4. Defendant BWW is located at 839 S. White Sands Blvd., Alamagordo, NM 88310 County of Otero State of New Mexico and is a proper party and this Court has in personal jurisdiction over Defendant BWW and subject matter jurisdiction in this matter.

5. On or about July 23, 2020, Defendant, BWW owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premise located at 839 S. White Sands Blvd., Alamagordo, NM 88310 County of Otero State of New Mexico where the Plaintiff suffered her injuries, harms and losses.

6. Defendant BWW is a foreign corporation doing business in the State of New Mexico by offering food and drink services to NM residents, with a registered agent for service of Corporation Service Company, 110 E. Broadway Street, Hobbs, NM 88240.

7. Defendant BWW is a proper party and this Court has in personal jurisdiction over Defendant BWW and subject matter jurisdiction in this matter.

8. At the aforesaid time and place, Plaintiff was lawfully at the said premises bringing a monetary benefit to Defendant by eating lunch.

9. Jurisdiction is proper in this district court.

10. Plaintiff requests a trial by jury.

## FACTUAL BACKGROUND

The Plaintiff incorporates herein by reference all preceding paragraphs.

11. The occurrence-giving rise to this action occurred in the city of Alamagordo, County of Otero, State of New Mexico on July 23, 2020.

12. At the time of this incident, Dorothy Newland was on BWW's property at 839 S. White Sands Blvd., Alamagordo, NM 88310, to give them her business for a meal.

13. She and her party were being escorted to the outdoor patio for lunch by an employee, representative or agent of BWW.

14. At that time, BWW and Oscar Garcia had misters on outside which were spewing water all over.

15. The BWW employee escorted Ms. Newland and her party to a table that had standing water on it, prompting her party to request a different table that was dry.

16. As Ms. Newland turned to address the employee, her foot literally slipped out from under her and she went down hard, suffering a fractured leg in the process. It was then she found the entire floor to be wet and slick.

17. Ms. Newland severely fractured her leg as a result of the floor being overly slick with water from the artificial misters being used by BWW and Oscar Garcia.

## COUNT ONE: NEGLIGENCE OF BWW

The Plaintiff incorporates herein by reference all preceding paragraphs.

18. On July 23, 2020, Defendants' duty individually and/or by and through their agents, servants and/or employees at all times was to exercise ordinary care to keep the premises, including the flooring inside AND outside safe for use by Ms. Newland.

19. The Defendants, individually and/or by and through their agents, servants and/or employees were charged with the duty to exercise reasonable care commensurate with the foreseeable risk of danger created by allowing water to collect, and/or pool and and/or remain on slick, slippery flooring that created a danger to the public, especially an elderly person like Ms. Newland.

20. With the water that was allowed to collect, pool and remain on the slick, slippery flooring, without being remedied, cleaned up, or made safe, or warned about, Defendants individually and/or by and through their agents, servants and/or employees knew or reasonably should have known that it was foreseeable that Plaintiff, lawfully on the premises for the purpose of bringing a monetary benefit to Defendants, could be hurt by falling on the dangerous, slick, slippery flooring had Defendants reasonably inspected the premises.

21. Defendants individually and/or by and through their agents, servants and/or employees breached their duties and failed to exercise reasonable care commensurate with the foreseeable risk of danger to the Plaintiff for failing to safely maintain the flooring, failing to inspect and make safe, leading Plaintiff into a dangerous slick slippery wet floor when they knew it was slick and slippery, and were negligent in the following ways:

 a. Defendants failed to exercise ordinary, reasonable care in maintaining safe flooring so as to prevent the foreseeable risk of harm caused to its visitors and customers including Plaintiff.

 b. Defendants failed to reasonably inspect the premises.

 c. Defendants failed to adequately and properly warn Plaintiff of the dangerous, slick, slippery and wet dangerous floor.

 d. Defendants failed to recognize the dangerousness of the of the situation they lead Ms. Newland into.

22. As a direct and proximate result of Defendants' negligent acts set forth above, Plaintiff suffered personal injuries, including but not limited to a severely fractured leg requiring surgical repair.

23. As a further direct and proximate result of Defendants', its agents, servants and/or employees' negligent acts, Plaintiff lost her ability to perform household services in the past, all to her damage of such a sum to be proven at a trial in this case.

24. BWW and Oscar Garcia owed Plaintiff a duty use ordinary care to keep the premises safe, including the flooring, for Ms. Newland's use.

25. BWW and Oscar Garcia knew, or should have known with a reasonable inspection, that the flooring and floor that day was a dangerous condition, especially for senior citizens.

26. BWW and Oscar Garcia breached its duty to keep the premises safe.

27. BWW and Oscar Garcia is liable for its negligence and that of their employees who were acting within the scope of their employment when the incident occurred.

## COUNT ONE: NEGLIGENCE OF OSCAR GARCIA

28. Plaintiff would show the Court that the negligent acts and omissions of Defendant, Oscar Garcia, as set out herein, separately and collectively, was a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Said acts and omissions by Defendant are, including, but not limited to the following:

    a.  In failing to maintain the premises in a reasonably safe condition;

    b.  In failing to provide a reasonably safe environment for Plaintiff;

    c.  In allowing Plaintiff to enter the premises as a consumer in unreasonably unsafe conditions;

29. Negligently allowing misters to collect water on the patio causing unsafe conditions for consumers;

30. In failing to warn Plaintiff that the misters were on and the floors were wet s thereby creating an unsafe condition and/or would require extra care;

31. In failing to properly inspect and maintain the patio area in question to discover the unsafe condition;

32. In failing to provide, follow and enforce rules, regulations and/or safety instructions for the safety of its consumers;

33. In failing to ensure that Plaintiff the consumer was warned of the hazardous conditions;

34. In failing to adequately monitor and/or supervise the patio where consumers were seated in order to make sure consumers were not being exposed to dangerous, unsafe conditions and/or practices;

35. In failing to promulgate, implement, enforce, and/or ensure compliance with adequate safety procedures, policies, and practices;

36. In failing to take all reasonable precautions for the safety of all consumers;

37. In failing to eliminate unsafe methods and operations;

38. Negligent monitoring of the premises;

39. Other acts and omissions as shown in trial.

40. Ms. Newland as a consumer and business invitee for Defendant Blazin Wings, Inc. and under the direction and/or supervision of Oscar Garcia, employees of Defendant Blazin Wings, Inc., sustained injury by the careless and negligent acts of Defendants.

**WHEREFORE**, Plaintiff, Dorothy Newland, prays for judgment in her favor and against the Defendants as follows:

1. For such compensatory damages occasioned by the negligent conduct of Defendants as may be proved at a trial in this case;

2. For pain and suffering;

3. For her past and future medical expenses incurred and to be incurred;

4. For her lost household services;

5. For her loss of enjoyment and quality of life;

6. For her cost of suit incurred herein;

7. Scarring and disfigurement'

8. Damages associated with the nature, extent and duration of the injury;

9. For pre-judgment and post-judgment interest at a rate allowed by law, on all such amounts awarded from the date of filing this Complaint and after judgment is entered; and

10. For such other and further relief the Court deems proper.

RESPECTFULLY SUBMITTED,
**MONTES LAW GROUP, PC**

*Rachel E. Montes*

Rachel E. Montes
NM State Bar No.: 153196
Rachel@MontesLawGroup.com
1121 Kinwest Pkwy, Suite 100
Irving, Texas 76053
Telephone: 214/522-9401
Facsimile: 214/522-9428
**ATTORNEY FOR PLAINTIFF**